# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JARED B. GOUDY,

    Plaintiff,

v.                                                       Case No. 8:21-cv-2229-TPB-TGW

KURT HOFFMAN,
ARIK SMITH,
NEAL PIZZO,
CLAYTON REESE,
MICHELLE DICAPUA, and
LENISHIA TWENTY,

    Defendants.
_____/

## ORDER

Plaintiff Jared B. Goudy alleges that his civil rights were violated when law enforcement unlawfully entered his home to arrest him for aggravated assault with a deadly weapon and destroyed exculpatory evidence.[1]  Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required both to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The

---

[1] According to publicly-available records from the Florida Department of Corrections and the Sarasota County Clerk of Court, Goudy is serving a life sentence for convictions of burglary and assault, in case number 2017CF013543.  The date of offense for those crimes was September 27, 2017—the same date on which the incidents described in the Second Amended Complaint allegedly occurred.

complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A prior screening order set forth the applicable law governing Goudy's claims and dismissed without prejudice his claims for failure to train, false arrest, and unlawful search and seizure. (Doc. 11 at 4–9) Goudy's claim that his *Miranda* rights were violated was dismissed with prejudice. (*Id.* at 9) Goudy was permitted an opportunity to amend, and he now proceeds on his Second Amended Complaint. (Doc. 14)

**I.    Second Amended Complaint**

Goudy alleges the following occurred (Doc. 14 at 10–11): On the evening of September 27, 2017, Goudy and his then-girlfriend, Jennifer Calouri, went out for dinner and drinks and to watch the Dodgers game. After dinner, while driving to Goudy's residence, the two argued, and Goudy exited the vehicle. Goudy began walking home, and Ms. Calouri intentionally struck him from behind with the vehicle. At approximately, 1:50 a.m., both parties separately called 911.

When law enforcement officers arrived at Goudy's home, he was waiting inside with the door shut. After speaking with Ms. Calouri, the officers knocked on Goudy's front door. He answered the door, and the officers inquired about the reason for his 911 call. The officers "searched the area for a knife, never locating one, the [officers] then left the residence, and Goudy shut the door." (Doc. 14 at 12)

Sergeant Michelle Dicapua then knocked on Goudy's door. He answered, and Sgt. Dicapua stated that Ms. Calouri executed a waiver of prosecution and inquired

whether Goudy would be willing to execute a waiver.  Goudy agreed to do so.  According to Goudy, "the matter was then considered resolved as both [he] and Ms. Calouri signed these [waiver of prosecution] forms stating that no criminal activity transpired that evening and neither wished to prosecute."  Goudy was then left alone inside his home.  (*Id.* at 12)

At approximately 3:00 a.m., Sergeant Arik Smith arrived on the scene and relieved Sgt. Dicapua from duty.  Sgt. Smith knocked on Goudy's front door with four other officers present.  When Goudy answered, "the officers, led by Smith and not being a witness to any legal action made that night, forced their way into [Goudy's] home without permission and in the absence of exigent circumstances."  At approximately 3:30 a.m., Goudy was arrested for aggravated assault with a deadly weapon.  Shortly after the arrest, the officers destroyed the waivers of prosecution.  (*Id.* at 12)

Goudy received medical treatment at Sarasota Memorial Hospital for injuries sustained from Ms. Calouri striking him with her car.  He was transported to Sarasota County jail.  Later, he was found guilty of armed burglary of a conveyance with an assault or battery and is currently serving a life sentence.  (*Id.* at 12)

Goudy alleges that the unlawful search and seizure and destruction of material exculpatory evidence deprived him of due process and equal protection under the laws.  As a remedy for these constitutional violations, Goudy seeks to recover $500,000.00 for lost wages and $1,000,000.00 in punitive damages.  (*Id.* at 18)

## II. Analysis

### A. Unlawful search and seizure

#### 1. Defendants Sgt. Smith, Dep. Pizzo, and Dep. Reese

Goudy alleges that Sergeant Arik Smith, Deputy Neal Pizzo, and Deputy Clayton Reese unlawfully entered his home without a warrant or probable cause and in the absence of exigent circumstances. (Doc. 14 at 13–15) He sues these defendants in both their official and individual capacities. (*Id.* at 2–4) As explained in the prior screening order (Doc. 11 at 3), the official capacity claims against Smith, Pizzo, and Reese are duplicative of the official capacity claim against Sheriff Hoffman and must be dismissed with prejudice.

Goudy alleges that after both he and Ms. Calouri executed waivers of prosecution, he was left alone inside his home. Next, Sgt. Smith arrived on the scene and relieved Sgt. Dicapua from duty. Sgt. Smith then knocked on Goudy's door, and when Goudy answered, Sgt. Smith, Dep. Pizzo, and Dep. Reese forced themselves into his home without permission, warrant, or exigent circumstances. These allegations are sufficient at this stage of the proceedings for Goudy to proceed against Smith, Pizzo, and Reese in their individual capacities for unlawful search and seizure.

#### 2. Defendant Sheriff Hoffman

Goudy alleges that Sheriff Kurt Hoffman is liable for the unlawful actions of Smith, Pizzo, and Reese because Sheriff Hoffman selected, scheduled, and assigned them to work. (*Id.* at 13) As explained in the prior screening order (Doc. 11 at 4–5),

4

Sheriff Hoffman cannot be liable for the acts of his employees on a theory of *respondeat superior*. *See Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To establish a § 1983 claim against a defendant in the defendant's supervisory capacity, "a plaintiff must show that the defendant instituted a 'custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Goebert v. Lee Cty.*, 510 F.3d 1312, 1331 (11th Cir. 2007) (quoting *West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)).

Again, Goudy alleges no personal involvement by Sheriff Hoffman in the alleged constitutional violation. He identifies no custom or policy that resulted in the alleged constitutional violation, nor sufficient facts to support an inference that Sheriff Hoffman knew or should have known of the defendants' conduct. Consequently, Goudy's claim for unlawful search and seizure against Sheriff Hoffman must be dismissed with prejudice. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

## B. Destruction of evidence

### 1. Defendants Sgt. Smith, Dep. Pizzo, Dep. Reese, Sgt. Dicapua, and Dep. Twenty

Goudy alleges that, at Sergeant Arik Smith's direction, Deputy Neal Pizzo, Deputy Clayton Reese, Sergeant Michelle Dicapua, and Deputy Lenisha Twenty intentionally destroyed the waivers of prosecution executed by both Goudy and Ms. Calouri. (Doc. 14 at 16–17) Goudy alleges that, if the waivers of prosecution had not been destroyed and were admitted during his criminal trial, there is a "reasonable probability" he would have been acquitted. He alleges this destruction of material exculpatory evidence deprived him of due process and equal protection under the laws. These allegations are sufficient at this stage of the proceedings for Goudy to proceed against Smith, Pizzo, Reese, Dicapua, and Twenty in their individual capacities for destruction of evidence. *See Porter v. White*, 483 F.3d 1294, 1304 (11th Cir. 2007) (ruling that a criminal defendant may have a due process claim for money damages against a police officer under § 1983 for withholding material exculpatory evidence).

### 2. Defendant Sheriff Hoffman

Goudy alleges that Sheriff Hoffman is responsible for the intentional destruction of the waivers of prosecution because he hired the officers. Again, Goudy alleges no personal involvement by Sheriff Hoffman in this conduct, identifies no custom or policy that resulted in the alleged constitutional violation, and alleges no facts to support an inference that Sheriff Hoffman knew or should have known of the defendants' conduct. Consequently, Goudy's claim for destruction of evidence against Sheriff Hoffman must be dismissed with prejudice. *Woldeab*, 885 F.3d at 1291.

### III. Conclusion

Accordingly, it is **ORDERED** that:

1. Goudy's claims for unlawful search and seizure and destruction of evidence against Sheriff Hoffman are **DISMISSED WITH PREJUDICE**.

2. Goudy's claims against Smith, Pizzo, Reese, Dicapua, and Twenty in their official capacities are **DISMISSED WITH PREJUDICE**.

3. Goudy may proceed on his claim for unlawful search and seizure against Smith, Pizzo, and Reese in their individual capacities.

4. Goudy may proceed on his claim for destruction of evidence against Smith, Pizzo, Reese, Dicapua, and Twenty in their individual capacities.

5. The **CLERK** shall mail to Goudy the service of process forms. Goudy must comply with the instructions provided with the forms and must return the completed forms within **THIRTY DAYS**. Following receipt of the completed forms, the Court will, by separate order, direct the United States Marshals Service to effect service of process. Goudy's failure to timely comply with this order will result in dismissal of this action without further notice.

**ORDERED** in Tampa, Florida, on January 10, 2023.

_____
**TOM BARBER
UNITED STATES DISTRICT JUDGE**