UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JARED B. GOUDY,

    Plaintiff,

v.                                        Case No. 8:21-cv-2229-TPB-TGW

KURT HOFFMAN,
ARIK SMITH,
NEAL PIZZO,
CLAYTON REESE,
MICHELLE DICAPUA, and
LENISHIA TWENTY,

    Defendants.
_____/

## ORDER

Plaintiff Jared B. Goudy files his "Objection to Court Order and Motion for Reconsideration." (Doc. 17) He seeks reconsideration of the Court's January 10, 2023 order (Doc. 15) that screened his Second Amended Complaint (Doc. 14) under 28 U.S.C. §§ 1915(e) and 1915A.

### I.  Legal Standard

Goudy does not identify the Federal Rule of Civil Procedure under which he seeks relief.  The Court therefore construes the *pro se* motion as a motion to alter or amend a final judgment under Rule 59(e) because the motion was filed within 28 days of the filing of the Court's screening order.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A party cannot use a Rule 59(e) motion to "relitigate old matters [or] raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *see also Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012) (same).

Reconsideration "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

## II.   Background

In this action, Goudy alleges that his civil rights were violated when law enforcement unlawfully entered his home to arrest him for aggravated assault with a deadly weapon and destroyed exculpatory evidence. The Court struck Goudy's original Complaint because it was not filed on the standard civil rights complaint form. (Doc. 5)

Goudy next filed an Amended Complaint (Doc. 8), which the Court screened under 28 U.S.C. § 1915A. (Doc. 11) In its screening order, the Court set forth the applicable law governing Goudy's claims and dismissed without prejudice his claims for failure to train, false arrest, and unlawful search and seizure. (Doc. 11 at 4–9) Goudy's claim that his *Miranda* rights were violated was dismissed with prejudice. (*Id.* at 9) Goudy was permitted an opportunity to amend, and he filed a Second Amended Complaint.

In his Second Amended Complaint (Doc. 14), Goudy attempted to state claims against Sheriff Hoffman for unlawful search and seizure and destruction of evidence in both his official and individual capacity. Also, he attempted to state claims against deputies Smith, Pizzo, and Reese for unlawful search and seizure in both their official and individual capacities. Finally, he attempted to state claims against deputies Smith, Pizzo, Reese, Dicapua, and Twenty for destruction of evidence in both their official and individual capacities.

The Court's order (Doc. 15) screening Goudy's Second Amended Complaint is the order of which Goudy seeks reconsideration. In this order, the Court: (1) dismissed with prejudice Goudy's claims against Sheriff Hoffman in his official capacity, (2) dismissed with prejudice Goudy's claims against deputies Smith, Pizzo, Reese, Dicapua, and Twenty in their official capacities; (3) permitted Goudy to proceed on his claim for unlawful search

3

and seizure against Smith, Pizzo, and Reese in their individual capacities; (4) permitted Goudy to proceed on his claim for destruction of evidence against Smith, Pizzo, Reese, Dicapua, and Twenty in their individual capacities; and (5) directed the Clerk to mail to Goudy the service of process forms.

### III. Analysis

Goudy seeks reconsideration of the dismissal of his official capacity claims against both Sheriff Hoffman and the defendant deputies. He urges the Court to "reconsider its dismissal and incorporate the arguments raised [in his motion] into his complaint or either [leave] to amend his complaint to include the argument raised [in his motion]." (Doc. 17 at 15)

Goudy urges the Court to permit him to proceed on his claims against Sheriff Hoffman in his official capacity. He attempts to identify a custom or policy that resulted in the alleged constitutional violations by asserting that Sheriff Hoffman (1) maintained a policy of gaining illegal entry to a defendant's home (Doc. 17 at 9–10) and (2) maintained a policy of destroying material relevant evidence (*Id*. at 12–14). He further contends that Sheriff Hoffman was on notice of prior, similar constitutional violations. (*Id*. at 13–14) Because Goudy seeks leave to amend and because he indicates he can allege facts that may state a claim against Sheriff Hoffman in his official capacity, Goudy shall be permitted one final opportunity to amend his claims against Sheriff Hoffman.

Goudy is cautioned that when a sheriff is sued under Section 1983 in his official capacity, "the suit is simply another way of pleading an action against an entity of which [the sheriff] is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quotations omitted). "Such suits against [sheriffs] are therefore, in actuality, suits directly against the [entity] that the [sheriff] represents." *Id*. In this case, that entity is Sarasota County.

Goudy may not, however, proceed against the defendant deputies in their official capacities. The Court has twice explained (Doc. 11 at 3 and Doc. 15 at 4) that any official capacity claims against the defendant deputies are duplicative of the official capacity claims against Sheriff Hoffman (which actually are claims against Sarasota County) and must be dismissed with prejudice. *See Busby*, 931 F.2d at 776 (finding that claims against "both the City and the officers sued in their official capacity . . . [were] redundant"). Reconsideration of the dismissal of the official capacity claims against the defendant deputies is not warranted.

## IV. Conclusion

Accordingly, the Motion for Reconsideration (Doc. 17) is **GRANTED IN PART AND DENIED IN PART**. Goudy may file a Third Amended Complaint on or before **April 20, 2023**. The Third Amended Complaint must include all of Goudy's claims in this action and may not refer back to, or incorporate, the original Complaint, the Amended Complaint, or the Second

5

Case 8:21-cv-02229-TPB-TGW   Document 18   Filed 03/20/23   Page 6 of 6 PageID 181

Amended Complaint. Goudy may attempt to state an official capacity claim against Sheriff Hoffman (which would actually be a claim against Sarasota County). He may not assert an official capacity claim against the defendant deputies. Finally, Goudy's Motion for Extension of Time to file his motion for reconsideration (Doc. 16) is **DENIED AS MOOT**.

      **ORDERED** in Tampa, Florida, on March 20, 2023.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**